INGLES and others *v.* NEW ENGLAND MUT. LIFE INS. Co. and others.

*(Circuit Court, D. Massachusetts.* April 9, 1886.)

FRAUD ON CREDITORS—LIFE INSURANCE—PUB. ST. MASS. CH. 119, § 167.
    Where a contract of insurance is made in furtherance of a conspiracy between the insured and his wife to defraud and cheat the creditors of the former, the most the creditors can reach, under the Massachusetts statute, (Pub. St. *c.* 119, § 167,) is an amount equal to the premiums paid with intent to defraud creditors, with interest thereon.

In Equity.
*C. J. Babbitt* and *Stearns & Butler,* for plaintiffs.
*A. D. Foster,* for insurance company.
*H. L. Harding* and *Henry Jackson,* for Susan D. Harwood.

COLT, J.   The plaintiffs in this suit, as creditors of Norman B. Harwood, seek to reach and apply the proceeds of a policy of insurance issued by the defendant company in favor of Harwood, for the benefit of his wife and children, who are also made parties defendant. The bill alleges that the contract of insurance was made in furtherance of a conspiracy between Harwood and his wife to defraud and cheat the creditors of the former, and that the premiums paid upon the policy were paid out of moneys fraudulently obtained from his creditors.   The present motion raises the question whether, under these circumstances, the court should continue the injunction restraining the insurance company from the payment of the policy to the widow.   The policy contains a provision that the contract shall be governed and construed by the laws of Massachusetts.   Section 167 of chapter 119 of the Public Statutes of Massachusetts provides as follows :

    "A policy of insurance on the life of a person, expressed to be for the benefit of a married woman,   *   *   *   whether procured by herself, her husband, or any other person,   *   *   *   shall inure to her separate use and benefit, and that of her children, independently of her husband or his creditors, or the person effecting   *   *   *   the same, or his creditors.   *   *   *   When a policy is effected by any person on his own life, or on the life of another, expressed to be for the benefit of such other or his representatives, or a third person, the person for whose benefit it was made shall be entitled thereto against the creditors and the representatives of the person effecting the same.   If the premium is paid by a person with intent to defraud his creditors, an amount equal to the premium so paid, with interest thereon, shall inure to the benefit of his creditors, subject, however, to the statute of limitations."

The statute seems to provide specifically for the case before us. Admitting the allegations of the bill to be true, it appears that, upon the policy in suit, the premiums were paid by a person or persons with intent to defraud creditors.   Under the statute, therefore, it seems clear that the most the creditors can recover is an amount

equal to the premiums so paid, with interest thereon. The injunction may be vacated, except as to a sum equal to an amount of the premiums paid, and interest thereon.